### LEMUEL BURGE *vs.* PHINEAS CONE.

The delivery and recording in the town clerk's office of a bill of sale of personal property in the possession of a third person do not amount to a constructive or symbolical delivery of the property, if there is nothing to prevent an actual delivery of the property, and no notice of the sale is given to the person in whose possession the property is.

TORT against a deputy sheriff for the conversion of certain articles of household furniture.

At the trial in the superior court, before *Brigham*, J., it appeared that the defendant attached the property in question on the 30th of July 1860, on a writ against Allen N. Smith, and subsequently sold the same on the execution which issued in the suit. The plaintiff claimed title under a bill of sale of the articles from Smith, dated January 4, 1859, and recorded in the town clerk's office. Smith formerly lived with his family in Lenox, but in 1855 sold his interest in the real estate occupied by him and removed from the Commonwealth, leaving his furniture stored in the house which he sold. There was no manual delivery of the property to the plaintiff; and the judge instructed the jury that, after the purchase by the plaintiff, legal possession might have been taken by notice to the person having possession, but that in the absence of such notice, or of any manual taking of possession, the property was liable to be attached by creditors as the property of Smith.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*H. W. Bishop & T. Post,* for the plaintiff.

*A. J. Waterman,* for the defendant.

HOAR, J.   It is the settled law of this commonwealth that the sale of chattels without a delivery, actual, constructive or symbolical, does not pass the title as against an attaching creditor of the vendor. *Pratt* v. *Parkman,* 24 Pick. 42.   *Carter* v. *Willard,* 19 Pick. 1.   *Packard* v. *Wood,* 4 Gray, 307.   In this case there was no actual delivery; and none constructive or symbolical, except the delivery and recording of a bill of sale. This was not sufficient, because there was nothing to prevent an actual delivery, either by transfer of the manual possession, or by notice to the person in whose custody the chattels were, that the sale had been made, and that he should hold them for the vendee. *Lanfear* v. *Sumner,* 17 Mass. 110.   *Gardner* v *Howland,* 2 Pick. 599.                    *Exceptions overruled.*